

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

State Department of Education
Austin, Texas

Gentlemen:             Attention E. H. Hereford
                               College Examiner

                              Opinion No. O-1614
                              Re: (a) Traveling expenses of
                                    Board of Examiners of the
                                    State Department of Educa-
                                    tion; (b) Jurisdiction of
                                    Limitations of Payments
                                    Board over fees in excess
                                    of itemized expenditures
                                    appropriated by the Legis-
                                    lature.

      This will acknowledge receipt of your letter of
October 21, 1939, wherein you state that the Board of Ex-
aminers of the State Department of Education is financed by
fees collected, that this year there is no travel expense
provided for this work, and ask the question of this De-
partment upon the following questions:

          "1.  May we use the excess money in
this fund to pay for travel which is a
necessary expense?

          "2.  Does the Limitations of Pay-
ments Board have jurisdiction over the
fees which are in excess of the itemized
expenditures?"

      Senate Bill No. 427, passed by the Forty-sixth
Legislature, appropriates various items for the Board of
Examiners Division of the State Department of Education.
This appropriation is headed "Board of Examiners Division
(paid out of Board's fees)", and following the appropria-
tion there appears the following paragraph:

          "Subject to the limitations set
forth in the provisions appearing at

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the end of this Act, all balances now
on hand and all current fees collected
f. on applicants for teacher's certifi-
cates are hereby appropriated for the
purpose of paying all of the salaries
and expenses of this Division, as item-
ized, for the fiscal years ending Au-
gust 31, 1940, and August 31, 1941."

There is no item provided for traveling expenses.
The Legislature has appropriated the fees collected by the
Board of Examiners Division only for the purpose of paying
the salaries and expenses of the Division itemized in the
appropriation bill by the Legislature. Since no item for
traveling expenses is provided, there is no appropriation
under which excess fees may be used to defray necessary
traveling expenses of the Board of Examiners Division.

In answer to your second question, you are advis-
ed that it is the opinion of this Department that the Limi-
tations of Payments Board has no jurisdiction over the
Board of Examiners fees which exceed the amount necessary
to pay the items specifically appropriated therefrom by the
Legislature. Article 2879, Revised Civil Statutes, provides
that applicants for teacher's certificates shall submit with
their application to the State Board of Examiners a fee of
Two Dollars ($2.00), and Article 2391a provides that a per-
son holding a teacher's certificate may have the same re-
newed upon the payment of the fee of One Dollar ($1.00),
under certain circumstances, and Article 2399a also provid-
es for fees for special and emergency certificates, but in
none of these Articles of the statute do we find any lan-
guage indicating an intention on the part of the Legisla-
ture to dedicate or devote the fees to the use and benefit
of the State Department of Education or the Board of Exam-
iners Division thereof, for the purpose of defraying ne-
cessary expenses of its administration. In our opinion No.
O-1437, addressed to the Honorable C. L. Kuykendall, Chair-
man of the Board of Examiners, under date of October 13,
1939, and written by Assistant Attorney General Cecil C.
Cammack, this Department held that the Comptroller is not
authorized or required to deposit the fees collected by the
Board of Examiners Division of the Department in a special
fund, but that such fees should be deposited in the gener-
al revenue fund. And in our Conference Opinion No. 3082,
construing the limitation of payments clause of Senate Bill
427, Regular Session, Forty-sixth Legislature, we held as
follows:

"Answering your second question specifically, therefore, we are of the opinion that the authority of the Board relates only to those surpluses existing in funds dedicated or devoted to the uses of a particular department, where an appropriation of such surplus in such dedicated funds to the particular department is not to be found elsewhere than in the Limitation of Payments Clause."

Since the statutes providing for the collection of fees by the Board of Examiners Division of the State Board of Education do not dedicate or devote those fees to the use and benefit of that department of the State Government, the Limitation of Payments Board has no jurisdiction over any supposed excess or surplus existing therein.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. W. FAIRCHILD (Sgd.)
Richard W. Fairchild
Assistant

RWF:LM

APPROVED OCT. 30, 1939

GERALD C. MANN

ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By B.W.B.
Chairman